UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HENRY MATEUS,<br>*Plaintiff*<br><br>v.<br><br>NURIK TRUCKING, INC. and<br>FIRDAVS FAKHMIEV,<br>*Defendants* | §<br>§<br>§<br>§ Case No. 1:25-cv-00604-ADA-SH<br>§<br>§<br>§<br>§ |

### ORDER

Before the Court is Defendants' Motion to Bifurcate and Stipulation as to Course and Scope, filed July 28, 2025 (Dkt. 18).[1]

Plaintiff Henry Mateus filed this motor vehicle negligence suit in state court against State Farm Mutual Automobile Insurance Company, Inc. and Firdavs Fakhmiev and his employer, Nurik Trucking, Inc. Dkt. 1; Original Petition, Dkt. 1-3. Plaintiff alleges that he was driving his vehicle on IH-35 in Austin, Texas on June 22, 2023, when Fakhmiev, while driving for Nurik, "negligently, and without excuse, merged into Plaintiff, causing Plaintiff's vehicle to spin in front of Defendants' vehicle, causing a second collision." Dkt. 1-3 ¶ 10. After Defendants removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff settled his claims against State Farm, which was dismissed on June 17, 2025. Dkts. 15, 16.

Defendants now ask the Court to bifurcate the jury trial into two phases – a compensatory liability and damages phase and then a punitive liability and damages phase – under Section 72.052 of the Texas Civil Practices and Remedies Code ("TCPRC"). Dkt 18. Plaintiff did not respond to Defendants' Motion to Bifurcate.

---

[1] The District Court referred this matter to this Magistrate Judge for disposition of all non-dispositive motions and report and recommendation on all case-dispositive matters, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing Order. Dkt. 6.

### I. Analysis

TCPRC § 72.052(a) provides that in certain civil actions involving commercial motor vehicle accidents, "on motion by a defendant, the court shall provide for a bifurcated trial under this section." The trier of fact "shall determine liability for and the amount of compensatory damages in the first phase" and "liability for and the amount of exemplary damages" in the second phase. *Id.* §§ 72.052(c), (d). Defendants argue that TCPRC § 72.052 applies in this federal diversity action and that the Court should bifurcate the trial into two phases.

Under the *Erie* doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "If there is a 'direct collision' between a state substantive law and a federal procedural rule that is within Congress's rulemaking authority, federal courts apply the federal rule and do not apply the substantive state law." *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017).

A federal district court "is simply not bound by state law when deciding whether to bifurcate." *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018). Although Texas state courts are statutorily required to bifurcate trials in certain commercial motor vehicle collision actions, "in our federal system, bifurcation is a case-specific procedural matter within the sole discretion of the district court." *Id.* The decision whether to bifurcate this case is governed not by TCPRC § 72.052, a procedural statute, but by Federal Rule of Civil Procedure 42(b). *Sweeney v. DD&S Express, Inc.*, No. 6:23-CV-233-ADA-DTG, 2024 WL 502312, at *1 (W.D. Tex. Jan. 31, 2024); *Robison v. Rock Haulers, LLC*, No. 4:22-CV-188, 2023 WL 2170785, at *2 (E.D. Tex. Feb. 22, 2023); *Trejo-Munoz v. Henderson*, 615 F. Supp. 3d 558, 562 (S.D. Tex. 2022) (same).

Rule 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims,

or third-party claims." Bifurcation "is not the usual course that should be followed, and [ ] the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Sims v. City of Jasper, Tex.*, 117 F.4th 283, 288 (5th Cir. 2024) (citation omitted). This approach recognizes that inherent in the Seventh Amendment guarantee of a trial by jury is "the general right of a litigant to have only one jury pass on a common issue of fact." *Rodriguez v. Singh*, No. MO:23-CV-00154-DC, 2024 WL 4328780, at *2 (W.D. Tex. Feb. 20, 2024) (quoting *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993)).

The party seeking separate trials bears the burden "to prove that separation is necessary." *Chartis Specialty Ins. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 662 (W.D. Tex. 2013). As the moving party, Defendants carry the burden to prove that bifurcation of the trial is necessary. Their sole argument for bifurcation is that TCPRC § 72.052 "arguably applies to this action." Dkt. 18 at 4. Because Defendants provide no other reason, they have not shown that bifurcation is necessary. *See Sweeney*, 2024 WL 502312, at *1 (denying defendant's motion to bifurcate that was "premised exclusively" on TCPRC § 72.052).

## II.  Conclusion

For these reasons, the Court **DENIES** Defendants' Motion to Bifurcate (Dkt. 18) without prejudice.

**SIGNED** on August 25, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE